**SHULTON, INC., Petitioner,**

v.

**FEDERAL TRADE COMMISSION,**
**Respondent.**

**No. 13508.**

United States Court of Appeals
Seventh Circuit.

May 10, 1962.

On Petition for Rehearing or for Modification of Opinion and Judgment July 12, 1962.

David C. Murchison, Washington, D. C., Howrey, Simon, Baker & Murchison, Washington, D. C., Richard L. Perry, Washington, D. C., for petitioner.

J. B. Truly, Asst. Gen. Counsel, James Mc.I. Henderson, Gen. Counsel, Jno. W. Carter, Jr., Atty., Federal Trade Commission, Washington, D. C., for respondent.

Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Shulton, Inc., seeks to set aside an order to cease and desist issued by a hearing examiner of respondent, Federal Trade Commission, and adopted by a three to two vote of the Commission.

Petitioner was charged with violation of Section 2(d)[1] of the Clayton Act, as amended by the Robinson-Patman Act. In the course of the proceedings, the hearing examiner ruled as a matter of law that petitioner would not be permitted to prove that petitioner's payments to one of its customers, as an allowance for advertising furnished by that customer (such payments not being made available on proportionally equal terms to other competitive customers) were made individually and in good faith to meet payments of a competitor, pursuant to Section 2(b) of the Robinson-Patman Act.[2]

The hearing examiner based his ruling on the Commission's holdings in prior cases that the meeting competition defense of Subsection (b) was not available in a Subsection (d) proceedings.

At that time, no court of appeals had ruled on this question. Since then, on November 22, 1961, the U. S. Court of Appeals for the District of Columbia Circuit has decided Appeal No. 16123, Exquisite Form Brassiere, Inc., a corporation, Petitioner v. Federal Trade Commission, Respondent, 301 F.2d 499, wherein the Court held:

"The point of general interest upon this appeal is whether a defense of meeting competition in good faith, described in the proviso in Subsection (b) of the statute, is available in response to a charge of violating Subsection (d). All parties seem to agree that the defense thus described is available in response to charges under Subsections (a) [discrimination in price] and (e) [discrimination in furnishing services or facilities]. Is it available to a person charged under Subsection (d)? * * * The parties agree that no court has yet passed directly on this question. * * * The critical words used in the proviso are 'the furnishing of services or facilities to any purchaser'. These are the words which appear in Subsection (e). The words in Subsection (d) are 'to pay * * * to * * * a customer * * * as compensation * * * for any services or facilities *furnished by* * * *

1. Title 15 U.S.C.A. § 13(d). "It shall be unlawful for any person engaged in commerce to pay or contract for the payment of anything of value to or for the benefit of a customer of such person in the course of such commerce as compensation or in consideration for any services or facilities furnished by or through such customer in connection with the processing, handling, sale, or offering for sale of any products or commodities manufactured, sold, or offered for sale by such person, unless such payment or consideration is available on proportionally

equal terms to all other customers competing in the distribution of such products or commodities."

2. Title 15 U.S.C.A. § 13(b). "* * * Provided, however, That nothing herein contained * * * shall prevent a seller rebutting the prima-facie case thus made by showing that his lower price or the furnishing of services or facilities to any purchaser or purchasers was made in good faith to meet an equally low price of a competitor, or the services or facilities furnished by a competitor."

such customer'. (Emphasis added.) While 'services or facilities' are the subject of both subsections, in the one case ((e)) the vendor furnishes them *to* the customer; in the other they are furnished *by* the customer and the vendor reimburses him. So that, if careful note is taken of the difference between Subsections (d) and (e), and if Subsection (b) is read quite literally, the language of the statute appears to support the view of the Commission. That is, read thus the statute says that a person can meet competition by directly supplying some but not all customers with services and facilities with which to promote sales, but he cannot meet competition by reimbursing some but not all of his customers for services or facilities they procure in the first place. We think this is an unrealistic reading of the statute."

We agree with this reasoning. The Subsection (b) defense was available to petitioner.

As we have decided this issue in favor of petitioner, we do not reach petitioner's second issue concerning the allegedly vague and uncertain wording of the Federal Trade Commission's order.

The Commission's order to cease and desist is hereby set aside and its complaint is dismissed without prejudice.

On Petition for Rehearing or for Modification of Opinion and Judgment.

The petition of Federal Trade Commission for rehearing in the above entitled matter is denied. The petition of Federal Trade Commission for modification of the Opinion and Judgment entered May 10, 1962, is granted.

The last paragraph of the Opinion entered May 10, 1962, is modified to read as follows, and a new Judgment shall issue in conformity therewith:

"The Commission's order to cease and desist is hereby set aside. This cause will be remanded to the Commission with directions to afford the petitioner an opportunity to present a defense under Section 2(b) of the statute to the charges that petitioner has violated Section 2(d) of the Clayton Act as amended by the Robinson-Patman Act.

"Remanded with directions."